IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

RANDY WERST, Reg. 07938-010   *
                              *
         Plaintiff,           *
v.                            *
                              *   No. 2:14CV00134-JJV
USA                           *
                              *
         Defendant.           *

**MEMORANDUM AND ORDER**

**I.    INTRODUCTION**

Randy Werst ("Plaintiff") brought this action pursuant to the Federal Tort Claims Act ("FTCA") and alleges that the United States of America ("Defendant") failed to provide him with adequate medical care for an injured shoulder. (Doc. No. 2.) Now, Defendant has filed a Motion for Summary Judgment (Doc. No. 12) seeking dismissal of all claims. Plaintiff has not responded and the time for doing so has passed.

**II.   BACKGROUND**

Plaintiff alleges that he injured his shoulder in 2007, shortly after entering the custody of the Federal Bureau of Prisons ("BOP"). (Doc. No. 2 ¶ 5.) He claims he has sought adequate treatment for the injury for seven years, to no avail. (*Id*. ¶¶ 7-12.) Instead, medical staff have provided him with painkillers and steroids, but not the surgery to correct the problem. (*Id*.)

**III.  SUMMARY JUDGMENT STANDARD**

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex v. Catrett*, 477 U.S. 317,

1

321 (1986).  When ruling on a motion for summary judgment, the court must view the evidence in a light most favorable to the nonmoving party.  *Naucke v. City of Park Hills*, 284 F.3d 923, 927 (8th Cir. 2002).  The nonmoving party may not rely on allegations or denials, but must demonstrate the existence of specific facts that create a genuine issue for trial.  *Mann v. Yarnell*, 497 F.3d 822, 825 (8th Cir. 2007).  The nonmoving party's allegations must be supported by sufficient probative evidence that would permit a finding in his favor on more than mere speculation, conjecture, or fantasy.  *Id.* (citations omitted).  A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party; a fact is material if its resolution affects the outcome of the case.  *Othman v. City of Country Club Hills*, 671 F.3d 672, 675 (8th Cir. 2012).  Disputes that are not genuine or that are about facts that are not material will not preclude summary judgment.  *Sitzes v. City of West Memphis, Ark.*, 606 F.3d 461, 465 (8th Cir. 2010).

**IV.   ANALYSIS**

Pursuant to its Motion, Defendant argues that: (1) Plaintiff's injury claims ranging from 2007 through May 22, 2012, must be dismissed because they were not timely presented; (2) Plaintiff's claims regarding treatment provided by contracting physicians are barred by sovereign immunity; and (3) any remaining medical claims are unsubstantiated. The Court, for the reasons stated below, finds that Defendant is entitled to summary judgment.

**A.   Time Barred Claims**

The Court agrees with Defendant that any claims arising between 2007 and May 22, 2012, must be dismissed as untimely.  A district court has subject matter jurisdiction over an FTCA claim only if it was "first presented to the appropriate federal agency . . . within two years of when the claim accrued."  *Allen v. U.S.*, 590 F.3d 541, 544 (8th Cir. 2009) (citations and quotations omitted).  Defendant states that Plaintiff has filed only one administrative tort claim concerning the current

allegations. That claim, TRT-SCR-2014-04431, was presented to the BOP on May 22, 2014. (Doc. No. 14-4 at 8.) Plaintiff has failed to offer evidence of earlier presented claims. Accordingly, all claims arising between 2007 and May 22, 2012, will be dismissed without prejudice for lack of subject matter jurisdiction.

### B.      Claims Against Independent Contractors

Any claims based on the care provided by Dr. Santos or Dr. Sokoloff will also be dismissed. It is settled law that the FTCA does not waive sovereign immunity for entities and individuals, like contracting physicians, whose conduct is not subject to supervision by the United States. *Logue v. United States*, 412 U.S. 521, 525-27, 531-32 (1973). Here, Defendant provides evidence that both physicians are in private practice and provide services to the BOP on a contract basis. (Doc. No. 14-4 at 6.) The Court finds the care provided by these physicians, including any decision not to recommend surgical repair of Plaintiff's shoulder, is not actionable under the FTCA.

### C.      Remaining Claims

Defendant contends that Plaintiff will be unable to establish any *prima facie* claim that he was injured by the negligent act of a government employee. First, it presents the affidavit of Commander Margaret Rincon, Forrest City Health Services Administrator, who states that Plaintiff's shoulder injury preceded his incarceration in the BOP. (Doc. No. 14-1 ¶ 6.) Second, Defendant argues that Plaintiff was provided substantial treatment by BOP personnel, including x-rays, an MRI, prescription medication, and consultations with orthopedic specialists - none of whom recommended surgery. (*Id*. at ¶¶ 7-25.) The weight of evidence therefore suggests that Plaintiff was provided with sustained and comprehensive care for his injury. Absent contradicting evidence or argument, the Court concludes that Plaintiff has failed to state a *prima facie* claim of medical malpractice.

## V. CONCLUSION

IT IS, THEREFORE, ORDERED that:

1. Defendant's Motion for Summary Judgment (Doc. No. 12) is GRANTED.

    A. Plaintiff's claims dating from 2007 to May 22, 2012, are DISMISSED without prejudice for lack of subject matter jurisdiction.

    B. Plaintiff's claims regarding care received from Dr. Santos and Dr. Sokoloff are barred by sovereign immunity and, therefore, DISMISSED without prejudice.

    C. All remaining claims are DISMISSED with prejudice.

2. The Court certifies that an *in forma pauperis* appeal from this Order and the accompanying Judgment would not be taken in good faith.

An appropriate Judgment shall accompany this Memorandum and Order.

IT IS SO ORDERED this 1st day of May, 2015.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE